IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leon Mikinka,<br><br>    Petitioner,<br><br>vs.<br><br>Ivan Bartos; Attorney General of the State of Arizona,<br><br>    Respondents. | No. CIV 06-2570-PHX-EHC (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE EARL H. CARROLL, UNITED STATES DISTRICT JUDGE:

    Leon Mikinka filed a timely petition for writ of habeas corpus on October 27, 2006, challenging his convictions in Maricopa County Superior Court following guilty pleas on three counts of forgery, and one count each of taking the identity of another and theft of a credit card. The trial court imposed concurrent sentences, the longest being four and one half years. Mikinka raises four grounds for habeas relief: (1) counsel was ineffective during the change of plea proceedings; (2) Mikinka was coerced by counsel and the trial court to accept the plea; (3) counsel was ineffective during sentencing; and (4) Mikinka's sentence was improperly enhanced with a prior felony conviction. Respondents contend that Mikinka has procedurally defaulted all four grounds. They maintain that the first, second and fourth grounds were not presented to the trial court as federal claims, and that his third ground was not reurged in his petition for review to the Arizona Court of Appeals. The Court recommends that Mikinka's petition be denied and dismissed with prejudice.

1   Following the entry of a guilty plea in two separate criminal cause numbers, Mikinka 2 filed a single Notice of Post-Conviction relief (Doc. #12, Exh J, K, Z).  Counsel was 3 appointed, and filed a Notice of Post-Conviction Review, stating that he was unable to find 4 any claims for relief (*Id*., Exh N).  The trial court denied his post-conviction petition; the 5 court of appeals denied review (*Id*., Exh T-X).

6   Respondents argue that Mikinka's first ground was not exhausted because he failed 7 to present it as a federal claim in state court.  They contend that "[w]hile Petitioner 8 complained extensively about his attorney, he never argued that any specific provision of the 9 United States Constitution was violated" (Doc. #12 at 11).  They point to the state court's 10 decision denying his petition as further evidence of lack of fair presentation because the 11 decision does not mention a federal claim of ineffective assistance of counsel (*Id*. at 12). The 12 Court disagrees.  In his post-conviction petition, Mikinka argued that counsel was ineffective 13 at the change of plea hearing.  In its response, the Government analyzes his claim as a Sixth 14 Amendment right to effective assistance of counsel, citing *Strickland v Washington*, 466 U.S. 15 668, 688 (1984).  *See* Doc. #12, Exh R at 4-6.  However, Mikinka's claim is without merit. 16 At the change of plea hearing, both his attorney and the trial court informed him of the 17 mandatory 12-year prison term that would be imposed if he went to trial and lost, and of the 18 likelihood of this result because of his confessions to the offenses.  Mikinka also agreed with 19 trial counsel that he didn't "have a chance" if he went to trial, and that his case was "not 20 winnable by any attorney that [counsel was] aware of in existence on earth, period" (*Id*. Exh 21 Y, R.T. 9/1/2004 at 11).  His allegation that counsel was ineffective is refuted by the record.

22   Respondents contend that Mikinka's second ground, that he was coerced into pleading 23 guilty, is also unexhausted because he failed to raise it as a federal claim.  In his post-24 conviction petition, as well as in his habeas petition, he contends that his guilty plea was "not 25 voluntarily and intelligently made."  He asserts that during the change of plea proceedings, 26 he asked the trial court at least five times to set the case for trial, "[b]ut the court would not 27 let him go to trial" (*Id*. at 10).  The Court finds that Mikinka has sufficiently "described both

28

- 2 -

1  the operative facts and the federal legal theory on which the claim is based." *Bland v. Cal.*
2  *Dep't of Corrections*, 20 F.3d 1469, 1472-73 (9th Cir. 1994).  Nonetheless, the Court
3  disagrees with his argument that the plea was coerced.  A review of the transcript of the
4  change of plea hearing indicates that Mikinka initially did say that he wanted the case set for
5  trial.  However, once counsel and the trial court explained to him that because of his
6  confession, he would most likely be convicted, and face a mandatory 12 years in prison, he
7  admitted that *considering the possible choices available to him*, entering the plea agreement
8  which would guarantee a much shorter term of 4 and one half years, was a decision he was
9  freely choosing to make (*Id.* Exh Y, R.T. 9/1/2004 at 15).

10  Respondents also maintain that Mikinka's third ground, that counsel was ineffective
11  *at sentencing*, is unexhausted because he first argued it in his motion to supplement his post-
12  conviction petition, and failed to raise it in any other pleadings.  The Court acknowledges
13  that in his state court pleadings, he does not specify at which stage of the proceedings he is
14  claiming that counsel was ineffective.  He only says that "appellant's public defender new
15  [sic] nothing about his case, and the only thing the public defender wanted was to make
16  appellant take the plea" (Doc. #12, Exh W).  In his federal petition, he asserts that counsel
17  failed to provide mitigating evidence of his serious mental illness and drug use at the
18  sentencing.  As part of the plea agreement, the parties stipulated to the presumptive term (*Id.*,
19  Exh F, Z).  Under these circumstances, no mitigation evidence was warranted.

20  Finally, Respondents argue that Mikinka's fourth ground, that the trial court
21  improperly enhanced his sentence with a prior felony conviction, was not raised as a federal
22  claim, and is not cognizable on federal habeas review because it involves the trial court's
23  application of Arizona sentencing statutes.  The Court agrees.  His essential argument is that
24  his prior conviction is too old to be alleged as an enhancing prior, citing an Arizona statute
25  limiting the age of the offense to one committed five years previously.  In rejecting that
26  argument, the trial court concluded that because the conviction "would count as at least his
27  third felony conviction, it was allegeable without regard to how old it was" (*Id.*, Exh T at 2).
28

1  As a question of state law, it is not subject to re-determination by a federal court. *See Estelle*
2  *v. McGuire*, 502 U.S. 62, 67-68 (1990).

3  **IT IS THEREFORE RECOMMENDED** that Leon Mikinka's petition for writ of
4  habeas corpus be **DENIED** and **DISMISSED WITH PREJUDICE** (Doc. #1).

5  This recommendation is not an order that is immediately appealable to the Ninth
6  Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
7  Appellate Procedure, should not be filed until entry of the district court's judgment. The
8  parties shall have ten days from the date of service of a copy of this recommendation within
9  which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules
10 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within
11 which to file a response to the objections. Failure timely to file objections to the Magistrate
12 Judge's Report and Recommendation may result in the acceptance of the Report and
13 Recommendation by the district court without further review. *See United States v. Reyna-*
14 *Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual
15 determinations of the Magistrate Judge will be considered a waiver of a party's right to
16 appellate review of the findings of fact in an order or judgment entered pursuant to the
17 Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

18 DATED this 9th day of May, 2007.

_____
David K. Duncan
United States Magistrate Judge